Amy Wallace, Esq. (SBN 110100)
Amy.Wallace@sbcglobal.net
Edgardo Garcia, Esq. (SBN 219755)
Email: Edgarcia@sobaylawyers.net
WALLACE & GARCIA LLP
3440 Torrance Blvd., Ste 104
Torrance, CA 90503
T: 866.398.9331
F: 888.813.5475

Attorneys for Plaintiff Leocadio Figueroa

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOCADIO FIGUEROA<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, LEE BACA, DEPUTY SMITH and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. cv11-06228 DMG(FFMx)<br><br>COMPLAINT FOR DAMAGES:<br><br>1. CIVIL RIGHTS VIOLATIONS<br>2. MUNICIPAL LIABILITY<br>3. SUPERVISORY RESPONSIBILITY<br><br>[DEMAND FOR JURY TRIAL] |

## COMPLAINT

COMES NOW Plaintiff LEOCADIO FIGUEROA and alleges as follows:

### I.
### JURISDICTION AND VENUE

1.  This is an action brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§1331 and 1343 (1), (2), (3) and (4) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

1

2. Venue lies in the United States District Court for the Central District of California because the events and omissions giving rise to Plaintiff Leocadio Figueroa's claims occurred in Los Angeles County, California, 28 U.S.C. § 1391(b)(2).

## II.
## PARTIES

3. At all times relevant hereto, Plaintiff Leocadio Figueroa ("PLAINTIFF") was a resident of Los Angeles County, California.

4. At all times mentioned herein, Defendant COUNTY OF LOS ANGELES ("COUNTY") was and is a public entity, duly organized and existing under and by virtue of the laws of the State of California.

5. PLAINTIFF is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. PLAINTIFF will amend this complaint to allege said Defendants' true names and capacities when ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that PLAINTIFF'S injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named Defendants.

6. Defendant LEE BACA ("BACA") is the primary policy maker for the Los Angeles County Sheriff's Department ("LASD"). BACA is charged with the duty and responsibility of investigating misconduct by deputies of the LASD and of disciplining deputies found to have been in violation the LASD'S official policies and procedures. BACA has the authority to develop, adopt and implement the LASD'S official policies, procedures, longstanding customs and practices, as well as to amend and terminate any of LASD'S official policies, procedures, longstanding customs and practices and in fact did so.

7. BACA is the elected Sheriff of the LASD and at all times mentioned herein was acting in such capacity and undertook all actions and omissions herein alleged under color of law. Defendant BACA is sued in his individual and official capacity.

8. Defendant DEPUTY SMITH ("SMITH") a male Caucasian, who was approximately 6'4' tall and weighed approximately 260 pounds at all times mentioned herein, was an LASD Sheriff's Deputy assigned to the Men's Central Jail located at 441 Bauchet St., Los Angeles, CA 90012.

9. DOES 1 through 10, and each of them, were duly appointed law enforcement officers, sergeants, lieutenants, detectives and/or deputies, or other officers, officials, executives and policymakers of the LASD, a department and subdivision of COUNTY.

10. Defendants, DOES 1 through 5 inclusive, were at all times mentioned herein, LASD deputies, sergeants and/or civilian employees of the LASD.

11. Defendants, DOES 6-10 inclusive, were at all times mentioned herein, deputies, sergeants and other LASD supervisors. All said Defendants were acting within the course and scope of their employment and/or agency with the COUNTY, by and through the LASD, which is liable in respondeat superior for the acts of said Defendants alleged herein.

12. At all times mentioned herein, said Defendants were also acting under the color of law under the laws of the City and County of Los Angeles and the State of California. Said Defendants are sued individually and in their capacities as herein and above-defined employees, agents and representatives of COUNTY.

13. Defendant COUNTY and the LASD encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the acts and omissions complained of herein.

14. As of the date of filing the instant action, PLAINTIFF is <u>not</u> in custody at any corrections facility anywhere.

### III.

### STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

15. On July 31, 2010, PLAINTIFF was simply a citizen visiting his younger brother, a U.S. Army and war veteran in custody at the Men's Central Jail, Bauchet Street, Los Angeles, CA 90012, when SMITH and other LASD Deputies savagely beat PLAINTIFF. The Men's Central Jail is run and supervised and run by the LASD and its Deputies.

16. During his wait to see his brother, PLAINTIFF asked SMITH if he could see the watch commander on duty, Watch Commander Harris.

17. After making this request to see a watch commander, without any warning, SMITH lunged at PLAINTIFF, and dropped PLAINTIFF to the ground, handcuffing him.

18. PLAINTIFF stayed facedown on the floor, handcuffed and obeying all verbal and physical commands. Despite PLAINTIFF'S complete compliance by staying quiet and motionless on the floor, SMITH continued to violently beat PLAINTIFF, while being joined by other LASD Sheriff's Deputies who also beat PLAINTIFF.

19. During this beating, SMITH shouted repeatedly at PLAINTIFF, "Stop resisting! Stop resisting!" even though PLAINTIFF remained quiet and still and never attempted to and never resisted SMITH, or any other LASD Deputy, in any way.

20. The beating was so violent that SMITH and other LASD Deputies broke PLAINTIFF'S left arm, and caused contusions to PLAINTIFF'S nose, face, back and knees and caused massive bruising all over PLAINTIFF'S torso.

21. After this severe beating that resulted in a broken arm, SMITH then walked PLAINTIFF into the break room and pushed PLAINTIFF into a refrigerator while in there, causing PLAINTIFF to cry out in pain.

22. As a result of the injuries inflicted by SMITH and other LASD Deputies, PLAINTIFF'S broken arm required several surgeries, the inclusion of hardware into the bone and is still not completely healed.

23. As a result of this severe beating, PLAINTIFF has endured numerous surgeries, painful rehabilitation, limited range of motion and the likely prognosis that his left arm will never return to its pre-injury mobility and overall health.

24. PLAINTIFF has been unable to work since this incident as a result his broken arm and the necessary surgeries and physical therapy required to treat these injuries.

## IV.

## FIRST COUNT

## VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCHS AND SEIZURES AND DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW

**(42 U.S.C. § 1983 Against All Defendants and DOES 1 through 10)**

25. PLAINTIFF hereby re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of the complaint.

26. This Count is brought under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

27. On or before the date of the above-identified incident, PLAINTIFF possessed the rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizures and excessive force by police officers and free from deprivation of liberty without due process of law.

28. At all times alleged herein, PLAINTIFF was not engaged in any assaultive behavior toward any Defendant, any LASD Deputy or any other person or persons while at the Men's Central Jail.

29. Defendant SMITH, and DOES 1 through 10 without cause and/or provocation, hit, struck, beat and/or otherwise engaged in violent physical contact with PLAINTIFF causing severe injuries.

30. The physical contact and abuse was entirely unjustified by any actions of PLAINTIFF and constituted an unreasonable and excessive use of force and was done with deliberate indifference to the health, safety and wellbeing of PLAINTIFF.

31. Said Defendants, and each of them, acted specifically with the intent to deprive PLAINTIFF of the following rights under the United States Constitution:

a. Freedom from unreasonable seizures, in the form of excessive use of force by Police Officers/Sheriff's Deputies

b. Freedom from a deprivation of liberty without due process of law and

c. Freedom from summary punishment.

32. Said Defendants, and each of them, subjected PLAINTIFF to the aforementioned deprivations by either actual malice and/or deliberate indifference in disregard of PLAINTIFF'S civil rights.

33. Said Defendants acted at all times herein knowing full well that the established practices, longstanding customs, procedures and official policies of Defendants COUNTY and BACA and also the LASD would condone a cover-up of this misconduct and allow the continued use of illegal and excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of California.

34. As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, PLAINTIFF received permanent and disabling injuries to PLAINTIFF'S body and mind, which caused PLAINTIFF to be unconstitutionally deprived of his personal liberties.

35. The acts of Defendants, and each of them, were so evil and egregious that said conduct, because of its nature, shocked the conscience and represented a violation of the Fourteenth Amendment's substantive due process protections.

36. The aforementioned acts of Defendants, and each of them, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages.

V.

## SECOND COUNT

## MUNICIPAL LIABILITY

**[Against Defendants COUNTY and BACA and DOES 1 through 10]**

37. PLAINTIFF hereby re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of the complaint.

38. This action is brought pursuant to 42 U.S.C.§ 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

39. On or before the date of the incident described above, PLAINTIFF possessed the right, guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from unreasonable seizures, excessive force by police officers, free from deprivation of due process rights, as well as freedom from acts and conduct of police officers and Sheriff's deputies that are so evil and egregious that they shock the conscience.

40. On said date Defendant SMITH and DOES 1 through 10, acting within the course and scope of their duties as deputies/sergeant of Defendant COUNTY and BACA and the LASD, deprived PLAINTIFF of his right to be free from unreasonable and excessive force and deprived PLAINTIFF of due process and substantive due process when Defendants intentionally and without justification beat, hit, struck and/or otherwise punished and tortured PLAINTIFF as delineated detail above.

41. At the time of the incident, Defendants BACA and COUNTY and the LASD had in place, and had ratified, official polices, procedures, longstanding customs and practices which permitted and encouraged their custody deputies and employees to unjustifiably, unreasonably and in violation of the Fourth and

Fourteenth Amendments physically abuse and torture persons who were in their custody.

42. Furthermore, Defendants BACA and COUNTY have been aware of extensive documentation of numerous acts of violence conducted by custody deputies toward inmates at the Men's Central Jail. These Defendants were also aware of numerous written recommendations made to attempt to correct these violations of law carried out by LASD deputies. Defendants BACA and COUNTY have ignored and refused to implement any proposed changes to the official policies and longstanding customs of the LASD which would attempt to reduce violence committed by LASD deputies towards inmates.

43. Said longstanding customs and official policies also called for Defendants BACA and COUNTY and the LASD not to discipline, prosecute or objectively investigate or in any way deal with or respond to known incidents and/or complaints of physical abuse by police officers and/or deputies of the LASD, or the related claims and lawsuits made as a result of such abuse.

44. Said policies, procedures, longstanding customs and practices called for defendants BACA and COUNTY and the LASD, by means of inaction and cover up, to encourage their police/sheriff's deputies to believe that improper physical abuse of persons in their custody was permissible.

45. Said official policies, procedures, longstanding customs and practices of Defendants BACA and COUNTY evidenced a deliberate indifference to the violations of PLAINTIFF'S constitutional rights. This indifference was manifested by the failure to change, correct, revoke or rescind said policies, procedures, customs and practices in light of the abuse of persons such as PLAINTIFF.

46. Deliberate indifference is also evidenced by maintenance of an inadequate system of training with respect to the physical abuse alleged herein, which failed to identify instances of improper similar conduct, as well as the failure of

Defendants BACA and COUNTY and the LASD to adequately train and closely supervise, discipline or retrain officers who improperly engaged in such conduct.

47. The foregoing acts and systemic deficiencies are policies and customs of Defendants BACA and COUNTY which caused Defendant SMITH and DOES 1 through 10 to be unaware of the rules and laws governing permissible police contact with persons in their custody and also to believe that such contact was and is entirely within the discretion of the officer and further that improper police contact or abuse of authority would not be objectively, thoroughly and properly investigated, all with the foreseeable result that Defendants' officers, and/or deputies would engage in abusive physical contact with persons in situations where such contact is not necessary, reasonable or legal, thereby violating the civil rights of the citizens of this state.

48. The aforementioned acts, omissions, systemic deficiencies, policies, procedures, customs and practices of defendants BACA and COUNTY and the LASD resulted in Defendant SMITH and DOES 1 through 10 engaging in the acts alleged herein above, thereby causing PLAINTIFF to be unreasonably and unjustly deprived of PLAINTIFF'S civil rights.

## VI.

## THIRD COUNT

## SUPERVISORY RESPONSIBILITY

### [Against Defendants BACA and DOES 1 through 10]

49. PLAINTIFF hereby re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of the complaint.

50. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

51. Defendant BACA and DOES 1 through 10, in doing all the things herein alleged above, acted with the deliberate indifference to the health, safety and welfare of the civilians, like PLAINTIFF, who visit inmates in the jails that Defendants

supervised. Said Defendants, through their inquiry and investigation, were aware of ongoing abuse of inmates and their visitors by deputies and other personnel working in the Los Angeles County jails, including conduct such as alleged herein.

52. Despite this knowledge, these Defendants failed to take action to stop such misconduct and in fact allowed it to run rampant so as to allow the jail staff to operate the jails through fear, intimidation and abuse. By doing so, said Defendants acquiesced in the abuse of civilians, as well as inmates, which abuse included the violent attack on PLAINTIFF alleged above.

53. The aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of defendant BACA resulted in Defendant SMITH and DOES 1 through 10 engaging in the acts alleged herein above, thereby causing PLAINTIFF to be unreasonably deprived of his civil rights.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF for each and every Count above demands the following relief, jointly and severally, against all Defendants.

a) Compensatory, general and special damages in a sum in an amount according to proof;

b) Exemplary damages against SMITH and DOES 1 through 10 for the intentional acts described above and/or for those done recklessly or with deliberate indifference, in an amount sufficient to deter and to make an example of those Defendants.

c) All costs of suit necessarily incurred herein as allowed by 42 U.S.C. § 1988 ;

d) Prejudgment interest according to proof;

e) Attorneys' fees as allowed by 42 U.S.C. § 1988 and

f) Such further relief as the Court deems just or proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

DATE: July 25, 2011

Wallace & Garcia LLP

AMY J. WALLACE, ESQ.
EDGARDO GARCIA, ESQ
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

### CV11- 6228 DMG (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Leocadio Figueroa <br> *Plaintiff* <br> v. <br> County of Los Angeles, Lee Baca, Deputy Smith and Does 1 through 10 Inclusive <br> *Defendant* | Civil Action No. CV11-06228 DMG (FFMx) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

   A lawsuit has been filed against you.

   Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Amy J. Wallace, Esq. (SBN 110100)
   Edgardo Garcia, Esq. (SBN 219755)
   Wallace & Garcia, LLP.
   3440 Torrance Blvd. Suite 104
   Torrance, CA 90503

   If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL 28 2011

Date: _____

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Leocadio Figueroa

**DEFENDANTS**
County of Los Angeles, Lee Baca, Deputy Smith and Does 1 through 10, inclusive.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Amy J. Wallace (SBN 110100); Edgardo Garcia (SBN 219755)
Wallace & Garcia, LLP
3440 Torrance Blvd. Suite 104, Torrance, CA 90503

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No        ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☑ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-06228

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 25 - July - 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |