Amy Wallace, Esq. (SBN 110100)
Amy.Wallace@sbcglobal.net
Edgardo Garcia, Esq. (SBN 219755)
Email: Egarcia@sobaylawyers.net
WALLACE & GARCIA LLP
21250 Hawthorne Blvd., Suite 485
Torrance, CA 90503
T: 866.398.9331
F: 888.813.5475

Attorneys for Plaintiff Leocadio Figueroa

FILED
2011 NOV 10 PM 12:59
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOCADIO FIGUEROA, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF LOS ANGELES, LEE BACA, DEPUTY ELIZARIO PEREZ III, DEPUTY JOHN ARONSON, DEPUTY NOEL WOMACK, DEPUTY JESSE IRVIN, SERGEANT ERIC GONZALEZ and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. CV 11-06228 DMG (FFMx) <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES: <br><br> 1. CIVIL RIGHTS VIOLATIONS <br> 2. MUNICIPAL LIABILITY <br> 3. SUPERVISORY RESPONSIBILITY <br><br> [DEMAND FOR JURY TRIAL] |

### FIRST AMENDED COMPLAINT

COMES NOW Plaintiff LEOCADIO FIGUEROA and alleges as follows:

### I.

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§1331 and 1343 (1), (2), (3) and (4) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

FIRST AMENDED COMPLAINT - pg. 1

2. Venue lies in the United States District Court for the Central District of California because the events and omissions giving rise to Plaintiff Leocadio Figueroa's claims occurred in Los Angeles County, California, 28 U.S.C. § 1391 (b)(2).

## II.
## PARTIES

3. At all times relevant hereto, Plaintiff Leocadio Figueroa ("PLAINTIFF") was a resident of Los Angeles County, California.

4. At all times mentioned herein, Defendant COUNTY OF LOS ANGELES ("COUNTY") was and is a public entity, duly organized and existing under and by virtue of the laws of the State of California.

5. PLAINTIFF is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. PLAINTIFF will amend this complaint to allege said Defendants' true names and capacities when ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that PLAINTIFF'S injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named Defendants.

6. Defendant LEE BACA ("BACA") is the primary policy maker for the Los Angeles County Sheriff's Department ("LASD"). BACA is charged with the duty and responsibility of investigating misconduct by deputies of the LASD and of disciplining deputies found to have been in violation the LASD'S official policies and procedures. BACA has the authority to develop, adopt and implement the LASD'S official policies, procedures, longstanding customs and practices, as well as to amend and terminate any of LASD'S official policies, procedures, longstanding customs and practices and in fact did so.

7. BACA is the elected Sheriff of the LASD and at all times mentioned herein was acting in such capacity and undertook all actions and omissions herein alleged under color of law. Defendant BACA is sued in his individual and official capacity.

8. Defendant DEPUTY ELIZARIO PEREZ III ("PEREZ") was an LASD Sheriff's Deputy assigned to the Men's Central Jail located at 441 Bauchet St., Los Angeles, CA 90012.

FIRST AMENDED COMPLAINT – pg. 2

9.  Defendant DEPUTY JOHN ARONSON ("ARONSON") was an LASD Sheriff's Deputy assigned to the Men's Central Jail located at 441 Bauchet St., Los Angeles, CA 90012.

10. Defendant DEPUTY NOEL WOMACK ("WOMACK") was an LASD Sheriff's Deputy assigned to the Men's Central Jail located at 441 Bauchet St., Los Angeles, CA 90012.

11. Defendant DEPUTY JESSE IRVIN ("IRVIN") was an LASD Sheriff's Deputy assigned to the Men's Central Jail located at 441 Bauchet St., Los Angeles, CA 90012.

12. Defendant SGT. ERIC GONZALEZ ("GONZALEZ") was the On Duty Supervisor at the Men's Central Jail Visiting Area where the incident occurred on July 31, 2010.

13. DOES 1 through 10, and each of them, were duly appointed law enforcement officers, sergeants, lieutenants, detectives and/or deputies, or other officers, officials, executives and policymakers of the LASD, a department and subdivision of COUNTY.

14. Defendants, DOES 1 through 5 inclusive, were at all times mentioned herein, LASD deputies, sergeants and/or civilian employees of the LASD.

15. Defendants, DOES 6-10 inclusive, were at all times mentioned herein, deputies, sergeants and other LASD supervisors. All said Defendants were acting within the course and scope of their employment and/or agency with the COUNTY, by and through the LASD, which is liable in respondeat superior for the acts of said Defendants alleged herein.

16. At all times mentioned herein, said Defendants were also acting under the color of law under the laws of the City and County of Los Angeles and the State of California. Said Defendants are sued individually and in their capacities as herein and above-defined employees, agents and representatives of COUNTY.

17. Defendant COUNTY and the LASD encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the acts and omissions complained of herein.

18. As of the date of filing the instant action, PLAINTIFF is not in custody at any corrections facility anywhere.

FIRST AMENDED COMPLAINT - pg. 3

## III.

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

19. On July 31, 2010, PLAINTIFF was simply a citizen visiting his younger brother, a U.S. Army and war veteran in custody at the Men's Central Jail ("MCJ"), 441 Bauchet Street, Los Angeles, CA 90012, when LASD Deputies PEREZ, ARONSON, WOMACK and IRVIN savagely beat PLAINTIFF. The beating required Emergency Medical Technicians ("EMT") to be summoned to transport PLAINTIFF to LAC-USC Hospital for emergency treatment. The Men's Central Jail is run and supervised and run by the LASD and its Deputies.

20. During his wait to see his brother, PLAINTIFF asked if he could see the watch commander on duty.

21. After making this request to see a watch commander, without any warning, PLAINTIFF was taken down and dropped to the ground and handcuffed. PLAINTIFF stayed face down on the floor, handcuffed and obeying all verbal and physical commands. Despite PLAINTIFF'S complete compliance by staying quiet and motionless, PLAINTIFF was severely beaten while he was handcuffed on the floor.

22. During this beating, several Deputies shouted repeatedly at PLAINTIFF, "Stop resisting! Stop resisting!" even though PLAINTIFF remained quiet and still and never attempted to and never resisted any LASD Deputy in any way.

23. The beating was so violent that it broke PLAINTIFF'S left arm, tore ligaments in PLAINTIFF'S knees and caused contusions to PLAINTIFF'S nose, face, back and knees and caused massive bruising all over PLAINTIFF'S torso.

24. After this first severe beating, PLAINTIFF was then into the break room where he was pushed into a refrigerator, causing PLAINTIFF to cry out in pain. PLAINTIFF was then assaulted a second time while in the break room. After the beating and videotaping, the EMTS transported PLAINTIFF to LAC-USC for treatment.

25. As a result of the injuries inflicted on PLAINTIFF, PLAINTIFF'S broken arm has required several surgeries, the inclusion of hardware into the bone and is still not completely healed.

FIRST AMENDED COMPLAINT - pg. 4

26. As a result of this severe beating, PLAINTIFF has endured numerous surgeries, painful rehabilitation, limited range of motion and the likely prognosis that his left arm will never return to its pre-injury mobility and overall health.

27. PLAINTIFF has been unable to work since this incident as a result his broken arm and the necessary surgeries and physical therapy required to treat these injuries.

28. Long before this incident, BACA had knowledge of long-standing, department-condoned instances of constitutional violations of inmates at the MCJ, resulting in serious injury and death to the inmates at MCJ.

29. On September 5, 1997, BACA, then a supervisor, received a "findings letter" from the United States Department of Justice ("DOJ") of a continued and serious pattern and practices of constitutional violations, including both deputy violence toward inmates, and inmate on inmate violence.

30. In 1999, under threat of a lawsuit by the DOJ, BACA and the COUNTY submitted to a Memorandum of Understanding ("MOU") which required BACA and the COUNTY to address and correct continuous constitutional violations inflicted upon MCJ inmates. BACA personally signed the MOU.

31. However, in 2006, after at least seven years of monitoring the MCJ, and COUNTY jail system, DOJ found non-compliance with the recommendations in the MOU. Clearly BACA failed to implement any system-wide changes to correct the constitutional violations that were occurring at MCJ, and which continue to this day.

32. On July 6, 2002, inmate Ramon Gavira was severely beaten by a female deputy and later killed in his cell at MCJ. Deputies at MCJ confirmed that they were not investigated or disciplined for lapses in supervision of inmates and were not investigated despite allegations that the deputies had physically abused inmate Gavira.

33. On March 23, 2003, BACA was informed of Hispanic gangs attacking African-Americans. No actions were taken to stop the violence and inmate Ahmad Burell was stabbed twenty-four (24) times, causing serious and permanent injuries, despite LASD deputies' knowledge in advance of the attack.

FIRST AMENDED COMPLAINT – pg. 5