98. This action is brought pursuant to 42 U.S.C.§ 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

99. On or before the date of the incident described above, PLAINTIFF possessed the right, guaranteed by the Fourth Amendment to the United States Constitution, to be free from unreasonable seizures, excessive force by police officers, as well as freedom from acts and conduct of police officers and Sheriff's deputies that are so evil and egregious that they shock the conscience.

100. On said date Defendants PEREZ, ARONSON, WOMACK, IRVIN and GONZALEZ and DOES 1 through 10, acting within the course and scope of their duties as deputies/sergeant of Defendant COUNTY and BACA and the LASD, deprived PLAINTIFF of his right to be free from unreasonable and excessive force when Defendants intentionally and without justification beat, hit, struck and/or otherwise punished and tortured PLAINTIFF as delineated detail above.

101. At the time of the incident, Defendants BACA and COUNTY and the LASD had in place, and had ratified, official polices, procedures, longstanding customs and practices which permitted and encouraged their custody deputies and employees to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments physically abuse and torture persons who were in their custody.

102. Furthermore, Defendants BACA and COUNTY have been aware of extensive documentation of numerous acts of violence conducted by custody deputies toward inmates at the Men's Central Jail. These Defendants were also aware of numerous written recommendations made to attempt to correct these violations of law carried out by LASD deputies. Defendants BACA and COUNTY have ignored and refused to implement any proposed changes to the official policies and longstanding customs of the LASD which would attempt to reduce violence committed by LASD deputies towards inmates.

103. Said longstanding customs and official policies also called for Defendants BACA and COUNTY and the LASD not to discipline, prosecute or objectively investigate or in any way deal with or respond to known incidents and/or complaints of physical abuse by police officers and/or deputies of the LASD, or the related claims and lawsuits made as a result of such abuse.

104. Said policies, procedures, longstanding customs and practices called for defendants BACA and COUNTY and the LASD, by means of inaction and cover up, to encourage their police/sheriff's deputies to believe that improper physical abuse of persons in their custody was permissible.

105. Said official policies, procedures, longstanding customs and practices of Defendants BACA and COUNTY evidenced a deliberate indifference to the violations of PLAINTIFF'S constitutional rights. This indifference was manifested by the failure to change, correct, revoke or rescind said policies, procedures, customs and practices in light of the abuse of persons such as PLAINTIFF.

106. Deliberate indifference is also evidenced by maintenance of an inadequate system of training with respect to the physical abuse alleged herein, which failed to identify instances of improper similar conduct, as well as the failure of Defendants BACA and COUNTY and the LASD to adequately train and closely supervise, discipline or retrain officers who improperly engaged in such conduct.

107. The foregoing acts and systemic deficiencies are policies and customs of Defendants BACA and COUNTY which caused Defendants PEREZ, ARONSON, WOMACK, IRVIN and GONZALEZ and DOES 1 through 10 to be unaware of the rules and laws governing permissible police contact with persons in their custody and also to believe that such contact was and is entirely within the discretion of the officer and further that improper police contact or abuse of authority would not be objectively, thoroughly and properly investigated, all with the foreseeable result that Defendants' officers, and/or deputies would engage in abusive physical contact with persons in situations where such contact is not necessary, reasonable or legal, thereby violating the civil rights of the citizens of this state.

108. The aforementioned acts, omissions, systemic deficiencies, policies, procedures, customs and practices of defendants BACA and COUNTY and the LASD resulted in Defendants PEREZ, ARONSON, WOMACK, IRVIN and GONZALEZ and DOES 1 through 10 engaging in the acts alleged herein above, thereby causing PLAINTIFF to be unreasonably and unjustly deprived of PLAINTIFF'S civil rights.

## VI.

## THIRD COUNT

## SUPERVISORY RESPONSIBILITY

### [Against Defendants BACA and DOES 1 through 10]

109. PLAINTIFF hereby re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of the complaint.

110. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

111. Defendant BACA and DOES 1 through 10, in doing all the things herein alleged above, acted with the deliberate indifference to the health, safety and welfare of both the inmates and civilians like PLAINTIFF, who visit inmates in the jails that Defendants supervised.

112. Said Defendants, through information reported to them, were aware of ongoing abuse of inmates and their visitors by deputies and other personnel working in the Los Angeles County jails, including conduct such as alleged herein, and were aware of their concomitant failure to take any steps to either discipline deputies or make any changes to procedure in an effort to avoid these abuses for more than 10 years.

113. Despite this extensive knowledge, these Defendants failed to take action to stop such misconduct and in fact allowed and condoned it to run rampant so as to allow the jail staff to operate the jails through fear, intimidation and abuse. By doing so, said Defendants acquiesced in the abuse of civilians, as well as inmates, which abuse included the violent attack on PLAINTIFF alleged above.

114. The aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of defendant BACA resulted in Defendants PEREZ, ARONSON, WOMACK, IRVIN and GONZALEZ and DOES 1 through 10 engaging in the acts alleged herein above, thereby causing PLAINTIFF to be unreasonably deprived of his civil rights.

///

///

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF for each and every Count above demands the following relief, jointly and severally, against all Defendants.

a) Compensatory, general and special damages in a sum in an amount according to proof;

b) Exemplary damages against Defendants PEREZ, ARONSON, WOMACK, IRVIN, GONZALEZ and DOES 1 through 10 for the intentional acts described above and/or for those done recklessly or with deliberate indifference, in an amount sufficient to deter and to make an example of those Defendants.

c) All costs of suit necessarily incurred herein as allowed by 42 U.S.C. § 1988;

d) Prejudgment interest according to proof;

e) Attorneys' fees as allowed by 42 U.S.C. § 1988 and

f) Such further relief as the Court deems just or proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

DATE: November 8, 2011                  Wallace & Garcia LLP

_____
AMY J. WALLACE, ESQ.
EDGARDO GARCIA, ESQ
Attorneys for Plaintiff Leocadio Figueroa