Harold G. Becks, Esq., State Bar No. 59126
Heather M. Feiga, Esq., State Bar No. 181425
**HAROLD G. BECKS & ASSOCIATES**
3255 Wilshire Boulevard, Suite 1734
Los Angeles, California 90010
Telephone: (213) 385-9852
Facsimile: (213) 385-1370
Email: hbecks@beckslaw.com
Email: hfeiga@beckslaw.com
Attorneys for Defendants
**COUNTY OF LOS ANGELES and LEE BACA**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOCADIO FIGUEROA<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, LEE BACA, DEPUTY ELIZARIO PEREZ III, DEPUTY JOHN ARONSON, DEPUTY NOEL WOMACK, DEPUTY JESSE IRVIN, SERGEANT ERIC GONZALEZ and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No. CV 11-06228 DMG (FFMx)**<br><br>Complaint Filed: September 7, 2011<br><br>[Assigned to the Honorable Dolly M. Gee, Judge Presiding]<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

**TO PLAINTIFF AND TO HIS ATTORNEY OF RECORD:**

DEFENDANTS COUNTY OF LOS ANGELES, and SHERIFF LEE BACA (collectively "Defendants") hereby answer the First Amended Complaint of LEOCADIO FIGUEROA and admit, deny and allege, as follows:

1. Defendants admit the allegations contained in Paragraphs 1, 2, 4, 7-12, 16.

With regard to Paragraphs 3, 5, 6, 13-14, 18, 29-81. Defendants lack sufficient information and belief to admit or deny the allegations contained therein; and based upon said lack of information and belief, deny said paragraphs and allegations contained in said paragraphs.

With regard to Paragraphs 15, 17, 19-28, 82-114, Defendants deny generally and specifically each and every allegation contained therein as it pertains to each Defendant.

With respect to Paragraphs 6-16, Defendants admit that Lee Baca, Deputy Elizario Perez III, Deputy John Aronson, Deputy Noel Womack, Deputy Jesse Irvin, and Sergeant Eric Gonzalez were employees of the Los Angeles Sheriff's Department ("LASD") at all relevant times but Defendants deny that these employees were acting "in the course and scope of their employment" to the extent that their conduct was inconsistent with LASD policies and procedures.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff failed to mitigate or attempt to mitigate damages; therefore, if in fact any damages have been sustained, any recovery by Plaintiff must be diminished or barred by that failure to mitigate.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff did not suffer any detriment or damages in any amount

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

whatsoever.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant, COUNTY OF LOS ANGELES (hereinafter referred to as "COLA") took reasonable precautions in the hiring and training of its deputy sheriffs to ensure that they were persons qualified to be peace officers. Defendant, COLA, had no notice of any dangerous propensities, if any, of the deputies involved in this alleged incident.

### FOURTH AFFIRMATIVE DEFENSE

4. The actions taken by Defendant, COLA's agents, officers, or employees during the incident complained of were taken during an emergency situation.

### FIFTH AFFIRMATIVE DEFENSE

5. The actions taken by Defendant, COLA's agents, officers, or employees during the incident complained of were taken by peace officers, acting within the scope of their employment and jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant COLA's officers, or employees took action which might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desire to comply with the law.

### SEVENTH AFFIRMATIVE DEFENSE

7. Any and all force used, if any, by Defendant, COLA's agents, officers,

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

or employees during the incident complained of was reasonable under the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff did not incur any compensatory damages.

## NINTH AFFIRMATIVE DEFENSE

9. To the extent that the Defendant, COLA's agents, officers, or employees used any force during the incident complained of, it was privileged as being necessary and reasonable, to prevent escape, and/or to overcome resistance.

## TENTH AFFIRMATIVE DEFENSE

10. Pursuant to Government Code § 818, there is no liability of a public entity for exemplary or punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant, COLA is not liable under 42 U.S.C. § 1983 because the Sheriff is a state officer.

## TWELFTH AFFIRMATIVE DEFENSE

12. Defendant, COLA is not liable under 42 U.S.C. § 1983 due to Eleventh Amendment immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's Complaint fails to state a cause of action against these answering Defendant, COLA because, under *Monell v. Department of Social Services for the City of New York*, 436 U.S. 658 (1978), there can be no recovery for

federal civil rights violations where there is no constitutional deprivation occurring pursuant to government custom.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. The Defendant, COLA's agents, officers, or employees are immune from liability under the doctrine of qualified immunity.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendants are not liable for damages under the Federal Civil Rights Act for negligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendants are not liable for damages under the Federal Civil Rights Act for negligence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Any and all official conduct taken by the Defendant, COLA and its agents, officers, or employees was in good faith and without malicious intent to deprive Plaintiff of his constitutional rights or to cause him other injury.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendant, COLA, and its agents, officers, or employees acted at all times in good faith and with the reasonable belief that their actions were valid.

## NINETEENTH AFFIRMATIVE DEFENSE

19. The facts alleged in the Complaint do not involve any policy, custom, practice, or procedure, or regulation of Defendant COLA.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's alleged injuries were not proximately caused by any policy, custom, practice, procedure, or regulation promulgated or tolerated by Defendant COLA.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. The acts complained of in the Complaint were not caused by a policy or procedure promulgated or tolerated by an official authorized under State law to enact Defendant COLA's policies or procedures.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. The alleged governmental policy, custom, practice, or procedure complained of was not unconstitutional.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Answering Defendants did not act with deliberate indifference.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff knew or should have known that the Defendant, COLA's agents, officers, or employees were peace officers and had the duty to refrain from using force to resist them in the performance of their duties as peace officers.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Defendant COLA, a public entity is not liable for any injury to a prisoner pursuant to Government Code § 844.6.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Defendant, COLA's employees are property trained to respond to the medical needs and conditions of inmates, including plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Defendant COLA appropriately trains its employees to effectively report injuries and see that injured inmates receive appropriate and reasonable medical care and attention.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. The state-based claims of Plaintiff's First Amended Complaint are barred by Plaintiff's failure to comply with the claims provisions of the California Tort Claims Act, California Government Code § 910, et seq.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Pursuant to California Government Code § 845.6, neither a public entity nor a public employee is liable for injury proximately caused by the failure of an employee to furnish or obtain medical care for a prisoner in his custody.

## THIRTEITH AFFIRMATIVE DEFENSE

30. Pursuant to California Government Code § 815.2(b), Responding Defendants are not liable for any injury resulting from the act or omission of one of their employees where the employee is immune from liability.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31. The action is barred under *Heck v. Humphrey*, (1994) 512 U.S. 477.

1  WHEREFORE, Defendants pray:

2  1. That Plaintiff take nothing by this action;

3  2. For costs of suit; and

4  3. For such other and further relief as the Court may deem just and proper.

Dated: December   , 2011          **HAROLD G. BECKS & ASSOCIATES**

By: _(signature)_
Heather Feiga, Esq.
Harold G. Becks, Esq.
Attorneys for Defendants
**COUNTY OF LOS ANGELES,** *et al.*

## PROOF OF SERVICE
F.R.C.P. 5(b)

I am employed in the City of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 3255 Wilshire Boulevard, Suite 1734, Los Angeles, California 90010.

On December 30, 2011, I served the foregoing document described as DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, on all interested parties in this action by placing X a true and accurate copy thereof, enclosed in sealed envelopes, addressed as follows:

[ ] BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] BY PERSONAL SERVICE: I caused such envelope(s) to be hand delivered to the named addressee.

[ ] BY FACSIMILE: The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a report of the transmission.

[X] BY E-FILE: (IN COMPLIANCE WITH GENERAL ORDER) On December 30, 2011, at my place of business, a copy of the attached to:

Amy Wallace, Esq.                              Attorneys for Plaintiffs
Edgardo Garcia, Esq.
WALLACE & GARCIA LLP
3440 Torrance Boulevard, Ste. 104
Torrance, California   90503
Telephone:   (866) 398-9331
Facsimile:   (888) 813-5475

[ ]   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 30, 2011, at Los Angeles, California.

_____
Joni Scarlett