1 | Harold G. Becks (SB#59126) (hbecks@beckslaw.com)
Heather M. Feiga (SB#181425) (hfeiga@beckslaw.com)
2 | Ted L. Travis (SB#140594) (ttravis@beckslaw.com)
3 | **HAROLD G. BECKS & ASSOCIATES**
3255 Wilshire Boulevard, Suite 1734
4 | Los Angeles, California 90010
5 | *Telephone: (213) 385-9852*
*Facsimile: (213) 385-1370*
6 | Attorneys for Defendants, DEPUTY JESSE IVIN,
7 | DEPUTY JOHN ARONSON
and DEPUTY NOEL WOMACK
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOCADIO FIGUEROA | Case No.  CV 11-06228 DMG (FFMx) |
| Plaintiff, | Complaint Filed: September 7, 2011 |
| vs. | [Assigned to the Honorable Dolly M. Gee, Judge Presiding] |
| COUNTY OF LOS ANGELES, LEE BACA, DEPUTY ELIZARIO PEREZ III, DEPUTY JOHN ARONSON, DEPUTY NOEL WOMACK, DEPUTY JESSE IRVIN, SERGEANT ERIC GONZALEZ and DOES 1 through 10, inclusive, | **ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS ARONSON, IVIN, AND WOMACK** |
| Defendants. | **DEMAND FOR TRIAL BY JURY** |

**TO PLAINTIFF AND TO HIS ATTORNEY OF RECORD:**

**COME NOW** Defendants, DEPUTY JOHN ARONSON, DEPUTY JESSE IVIN, and DEPUTY NOEL WOMACK (collectively "Defendants") hereby answer the first cause of action of the First Amended Complaint of Plaintiff, LEOCADIO FIGUEROA, and admit, deny and allege, as follows:

1

Defendants admit the allegations contained in Paragraphs 1, 2, 9-11.

With regard to Paragraphs 3-8, 12-18, 28-84, Defendants lack sufficient information and belief to admit or deny the allegations contained therein; and based upon said lack of information and belief, deny said paragraphs and allegations contained in said paragraphs.

With regard to Paragraphs 19-27, 85-96, Defendants deny generally and specifically each and every allegation contained therein as it pertains to each Defendant.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff failed to mitigate or attempt to mitigate damages; therefore, if in fact any damages have been sustained, any recovery by Plaintiff must be diminished or barred by that failure to mitigate.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff did not suffer any detriment or damages in any amount whatsoever as a result of any acts or omissions of these answering Defendants.

## THIRD AFFIRMATIVE DEFENSE

3.      To the extent that Plaintiff suffered any injuries or damages, such injuries or damages were proximately caused by the carelessness, negligence and other legal fault of Plaintiff and/or persons or entities other than these answering Defendants, and such negligence and other legal fault comparatively reduces the

2

**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS**
**ARONSON, IVIN, AND WOMACK**

1    percentage of any negligence and/or fault attributed these answering Defendants

2    under the doctrine of comparative fault or negligence.

3
### FOURTH AFFIRMATIVE DEFENSE
4

5        4.      The actions taken by these answering Defendants during the incident

6    complained of were taken during an emergency situation.

7
### FIFTH AFFIRMATIVE DEFENSE
8

9        5.      The actions taken by these answering Defendants during the incident

10   complained of were taken by peace officers, acting within the scope of their

11   employment and jurisdiction.
12

13
### SIXTH AFFIRMATIVE DEFENSE
14

15       6.      These answering Defendants took action which might reasonably be

16   expected of a person of ordinary prudence, acting under similar circumstances, who

17   desire to comply with the law.

18
### SEVENTH AFFIRMATIVE DEFENSE
19

20       7.      Any and all force used, if any, by these answering Defendants during

21   the incident complained of was reasonable and not excessive under the

22   circumstances.

23
### EIGHTH AFFIRMATIVE DEFENSE
24

25       8.      Plaintiff did not incur any compensatory damages as a result of any acts

26   or omissions of these answering Defendants.

27   ///

28   3

## NINTH AFFIRMATIVE DEFENSE

9.     To the extent that the these answering Defendants used any force during the incident complained of, it was privileged as being necessary and reasonable, to prevent escape, and/or to overcome resistance.

## TENTH AFFIRMATIVE DEFENSE

10.     To the extent that Plaintiff suffered any injuries or damages, these answering Defendants allege that such injuries or damages were caused by risks of which Plaintiff was well aware and which Plaintiff voluntarily assumed.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     These answering Defendants had reasonable and justifiable cause to detain and conduct an investigation.

## TWELFTH AFFIRMATIVE DEFENSE

12.     These answering Defendants at no time assumed the duty and/or responsibility for conducting an investigation into the circumstances giving rise to Plaintiff's injuries.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Pursuant to California *Civil Code* § 50 and California *Penal Code* §§ 835, 835a, 843, 692, 693 and 694, to the extent that these answering Defendants used any force in the incident complained of, they did so in exercise of their right to self-defense.

///

4

**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS ARONSON, IVIN, AND WOMACK**

## FOURTEENTH AFFIRMATIVE DEFENSE

14.   These answering Defendants are immune from liability for the incident complained of under the doctrine of qualified immunity.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.   These answering Defendants are not liable for damages under the Federal Civil Rights Act for negligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.   Pursuant to California *Government Code* §§ 810 *et seq.*, including but not limited to §§815, 815.2, 818, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.6, 822.2, 844.6, 845.8, and 846, these answering Defendants are immune from liability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.   Any and all official conduct taken by these answering Defendants was in good faith and without malicious intent to deprive Plaintiff of his constitutional rights or to cause him other injury.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.   These answering Defendants acted at all times in good faith and with the reasonable belief that their actions were valid.

## NINETEENTH AFFIRMATIVE DEFENSE

19.   The facts alleged in the Complaint do not involve any policy, custom, practice, procedure, or regulation.

5

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiff's alleged injuries were not proximately caused by any policy, custom, practice, procedure, or regulation promulgated or tolerated by these answering Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Pursuant to California *Penal Code* § 834(a), Plaintiff knew or should have known that he was being arrested and/or further detained and secured for transport by a peace officer, and had the duty to refrain from using force or any weapon to resist such arrest and or further securing for transport.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    The alleged governmental policy, custom, practice, or procedure complained of by Plaintiff was not unconstitutional.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    These answering Defendants did not act with deliberate indifference.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiff knew or should have known that these answering Defendants were peace officers and had the duty to refrain from using force to resist them in the performance of their duties as peace officers.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    These answering Defendants are not liable under the Federal Civil Rights Act, 42 U.S.C. § 1983 due to Eleventh Amendment immunity.

6

**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS ARONSON, IVIN, AND WOMACK**

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     These answering Defendants are property trained to respond to the medical needs and conditions of inmates, including Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     These answering Defendants are appropriately trained to effectively report injuries and see that injured inmates receive appropriate and reasonable medical care and attention.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     The state-based claims of Plaintiff's First Amended Complaint are barred by Plaintiff's failure to comply with the claims provisions of the California Tort Claims Act, California Government Code § 910, et seq.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Pursuant to California Government Code § 845.6, neither a public entity nor a public employee is liable for injury proximately caused by the failure of an employee to furnish or obtain medical care for a prisoner in his custody.

### THIRTEITH AFFIRMATIVE DEFENSE

30.     These answering Defendants are immune from liability under the doctrine of qualified immunity pursuant to the Federal Civil Rights Act, 42 U.S.C. § 1983.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     The action is barred under *Heck v. Humphrey,* (1994) 512 U.S. 477.

7

**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS**
**ARONSON, IVIN, AND WOMACK**

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    Plaintiff's causes of action under the Federal Civil Rights Act, 42 U.S.C. § 1983, are barred as the First Amended Complaint fails to allege facts which extend beyond mere tortious conduct.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    Plaintiff's causes of action under the Federal Civil Rights Act, 42 U.S.C. § 1983, are barred as the First Amended Complaint fails to allege facts that rise to the dignity of a violation of a Federal Constitutional or statutory right.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    These answering Defendants are not liable for damages for negligence under the Federal Civil Rights Act, 42 U.S.C. § 1983.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    Any alleged acts of omissions by these answering Defendants were superseded by the negligence or fault of the Plaintiff and/or third parties whose fault or negligence intervened and was the sole and proximate cause of any detriment that Plaintiff alleges in his First Amended Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.    Plaintiff lacks standing to sue and to bring this action.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.    Plaintiff lacks the capacity to sue and to bring this action.

**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS
ARONSON, IVIN, AND WOMACK**

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.    Any and all official conduct taken by these answering Defendants was in good faith and without malicious intent to deprive Plaintiff of his constitutional rights or to cause Plaintiff any injury.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

39.    These answering Defendants acted at all times in good faith and with the reasonable belief that their actions were valid.

## FORTIETH AFFIRMATIVE DEFENSE

40.    These answering Defendants were not the proximate cause of Plaintiff's alleged deprivation of a constitutionally protected right, privilege or immunity.

## FORTY-FIRST AFFIRMATIVE DEFENSE

41.    The claims of the Plaintiff and the First Amended Complaint are barred as against these answering Defendants pursuant to California Code of Civil Procedure §§ 335.1, 338 and/or 340.

**WHEREFORE,** these answering Defendants pray:

1. That Plaintiff take nothing by this action;

2. For costs of suit; and

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS
ARONSON, IVIN, AND WOMACK

3.  For such other and further relief as the Court may deem just and proper.

Dated: February 9, 2012                **HAROLD G. BECKS & ASSOCIATES**

By: _____
    Harold G. Becks, Esq.
    Heather Feiga, Esq.
    Ted L. Travis, Esq.
Attorneys for Defendants, DEPUTY JOHN
ARONSON, DEPUTY JESSE IVIN, and DEPUTY
NOEL WOMACK

                     .

## **DEMAND FOR TRIAL BY JURY**

By these presents, these answering Defendants herein hereby demand trial by jury on all claims and causes of action pleaded against them herein.

Dated: February 9, 2012                **HAROLD G. BECKS & ASSOCIATES**

By: _____
    Harold G. Becks, Esq.
    Heather Feiga, Esq.
    Ted L. Travis, Esq.
Attorneys for Defendants, DEPUTY JOHN
ARONSON, DEPUTY JESSE IVIN, and DEPUTY
NOEL WOMACK

                     .

**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS
ARONSON, IVIN, AND WOMACK**

1

2                            <u>PROOF OF SERVICE</u>

      F.R.C.P. 5(b)
3

4           I am employed in the City of Los Angeles, State of California.  I am over the
      age of eighteen years and not a party to the within action; my business address is
5     3255 Wilshire Boulevard, Suite 1734, Los Angeles, California 90010.

6           On February 9, 2012, I served the foregoing document described as
      **ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS,**
7     **ARONSON, IRVIN, WOMACK,** on all interested parties in this action by placing
      X a true and accurate copy thereof, enclosed in sealed envelopes, addressed as follows:
8
      [  ]  BY MAIL:  I am "readily familiar" with the firm's practice of collection and
9     processing correspondence for mailing.  Under that practice it would be deposited
      with the U.S. postal service on that same day with postage thereon fully prepaid at Los
10    Angeles, California in the ordinary course of business.   I am aware that on motion of
      the party served, service is presumed invalid if postal cancellation date or postage
11    meter date is more than one day after date of deposit for mailing in affidavit.

12    [  ]  BY PERSONAL SERVICE:  I caused such envelope(s) to be hand delivered to
            the named addressee.
13
      [  ]  BY FACSIMILE: The facsimile machine I used complied with Rule 2003(3) and
14          no error was reported by the machine.  Pursuant to Rule 2005(I), I caused the
            machine to print a report of the transmission.
15
      [ X ]  BY E-FILE: (IN COMPLIANCE WITH GENERAL ORDER) On February 9,
16          2012, at my place of business, a copy of the attached to:

17    Amy Wallace, Esq.                               Attorneys for Plaintiffs
      Edgardo Garcia, Esq.
18    WALLACE & GARCIA LLP
      21250 Hawthorne Boulevard, Ste. 485
19    Torrance, California   90503
      Telephone:   (866) 398-9331
20    Facsimile:   (888) 813-5475

21
      [   ]      (State)      I declare under penalty of perjury under the laws of the State
22    of California that the above is true and correct.

23    [ X ]      (Federal) I declare that I am employed in the office of a member of the bar
      of this court at whose direction the service was made.
24
            Executed on February 9, 2012, at Los Angeles, California.
25

26

27                                            Joni Scarlett

28