1
2 Amy Wallace, Esq. (SBN 110100)
Amy.Wallace@sbcglobal.net
3 Edgardo Garcia, Esq. (SBN 219755)
Email: Egarcia@sobaylawyers.net
WALLACE & GARCIA LLP
4 21250 Hawthorne Blvd., Suite 485
Torrance, CA 90503
5 T: 866.398.9331
F: 888.813.5475

6 Attorneys for Plaintiff Leocadio Figueroa

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 LEOCADIO FIGUEROA               )  CASE NO. CV 11-06228 DMG (FFMx)
                                   )
       Plaintiff,                  )  JOINT SCHEDULING REPORT
12                                 )  [Fed. R. Civ. P. 16, 26(f)]
       v.                          )
13                                 )
   COUNTY OF LOS ANGELES, LEE      )  Date: February 24, 2012
14 BACA, DEPUTY ELIZARIO PEREZ III,)  Time: 11:00 a.m.
   DEPUTY JOHN ARONSON, DEPUTY     )  Dept.: 7
15 NOEL WOMACK, DEPUTY JESSE       )
   IRVIN, SERGEANT ERIC GONZALEZ   )
16 and DOES 1 through 10, inclusive,)
                                   )
17       Defendants.               )
                                   )
18                                 )
                                   )
19                                 )
                                   )
20 _____ )

       The Parties, by and though their respective counsel of record, submit the following

21 Joint Scheduling Report.

22      The parties who have appeared in this action, Plaintiff Leocadio Figueroa

23 ("Plaintiff") and Defendants County of Los Angeles and Lee Baca ("Defendant") have met

   and conferred, through their attorneys, before submitting this Joint Rule 26(f) Report.
24
       The remaining Defendants, Deputy Elizario Perez III, Deputy John Aronson, Deputy
25
   Noel Womack, Deputy Jesse Irvin and Sergeant Eric Gonzalez were brought into this action
26
   by amended complaint on November 10, 2011.  Those parties, with the exception of Elizario
27

28

Perez III, were served in January 2012, <u>and either will respond or answer the First Amended</u> <u>Complaint on or before the Scheduling Conference</u>.

The principal issues in this case involve <u>whether or not there were any</u> violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 while Plaintiff was visiting his brother at the Men's Central Jail on July 31, 2010, <u>whether or not there is any supervisory or</u> <u>municipal responsibility for such violations, and</u> <u>whether or not he suffered any</u> resulting severe, permanent and debilitating injuries to Plaintiff.

<u>Plaintiff's Factual Contentions</u>:

On that date, Plaintiff was beaten severely by several Los Angeles County Sheriff's Department ("LACSD") deputies after he asked to see a Watch Commander due to his concern over treatment his brother was receiving while at the Men's Central Jail.

As a result of the beating, Plaintiff sustained serious injuries, including a broken left arm, torn ligaments in his knees, contusions to Plaintiff's nose, face and back, as well as massive bruising on his torso. Plaintiff was handcuffed while the beating took place and never resisted the deputies at any time. Plaintiff's left arm required surgical repair, including hardware inserted into the bone to fix the fracture. Plaintiff has been advised that another surgery is necessary.

<u>Defendants' Factual Contentions</u>:

Defendants did not violate Plaintiff's civil rights; Defendants used reasonable force at all pertinent times, and Defendants are entitled to qualified immunity regarding their conduct towards Plaintiff. Plaintiff instigated and escalated the incident, and did not respond to verbal commands of the Deputy Defendants. There are factual issues concerning the nature and extent of the injuries and damages, and the reasonableness and necessity of medical treatment, claimed in by the Plaintiff.

The following items are to be addressed by this Report:

(1) What changes should be made in the timing, form, or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a)(1) were made or will be made: <u>No contemplated changes at this time.</u> <u>Initial Disclosures to be held on March 9, 2012.</u>

(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be ☐limited to or focused upon particular issues:  No issues identified as to discovery being conducted in phases or special considerations as to which discovery may be needed.  However, Plaintiff anticipates requesting the personnel files of involved <u>LACSD</u> Deputies <u>as Defendants contend that such records are privileged, private and protected by a peace officer personnel records privilege (California Penal Code §§832.7 and 832.8 and California Evidence Code §§1040, 1043 and1045)</u>

(3) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be ☐imposed: <u>None contemplated at this time.</u>

(4) Any other orders that should be entered by the court under subdivision (c) or under Rule 16(b) and (c).  <u>The parties are not aware of any such orders at this time.</u>

(5) The parties have only engaged in very limited settlements discussions at this time, specifically with regard to whether the parties would agree to attend early mediation.  Defendants' counsel has made no confirmation as to whether their clients would attend early mediation.  Plaintiff agrees to attend early mediation.

(6) An Initial Disclosure date has been provided.  The parties will prepare a discovery plan within 14 days of the Scheduling Conference.   Separate cutoff dates are proposed by both sides in the Schedule of Pretrial & Trial Dates Worksheet attached to this Report as Exhibit "A".

(7) A proposed schedule of law and motion matters, including separate cutoff dates for dispositive motion cutoff are proposed by both sides in the Schedule of Pretrial & Trial Dates Worksheet attached to this Report as Exhibit "A".

(8) No specific settlement discussions have been made except to discuss the potential for early mediation, as set forth above.

(9) The trial is expected to take seven (7) to ten (10) days.

(10) Plaintiff does not anticipate bringing in any new parties into the action unless discovery reveals new information regarding any new parties involved in the incident. Plaintiff has filed a First Amended Complaint.  At this time, Plaintiff does not anticipate another amendment to the pleadings.

(11) Plaintiff and the Defendants who have answered have timely requested a Jury Trial and anticipate trial by jury.

(12) At this time, Plaintiff is not aware of any other issues affecting the status or management of the case;

(13) Plaintiff does not intend to file a Motion to Bifurcate, or for Severance or other ordering of proof; however, one or more of the Defendants who answer the operative pleading of the Plaintiff is/are likely to file a Motion to Bifurcate, or Sever or other ordering proof, of liability, compensatory damages, and punitive damages phases as applicable.

(14) Attachment "A" to this Report provides proposed dates by Plaintiff and Defendants separately for each matter requested.

Dated: February 10, 2012                    WALLACE & GARCIA, LLP


                                            By:_____s/_____
                                            Amy J. Wallace
                                            Edgardo Garcia, ESQ
                                            Attorneys for Plaintiff Leocadio Figueroa


Dated: February 10, 2012                    HAROLD G. BECKS & ASSOCIATES

                                            By:_____/s/_____
                                              Harold G. Becks, Esq.
                                              Heather Feiga, Esq.

1   Judge Dolly M. Gee

2   **SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET**

3

4   Case No.   2:11-CV-06228    Case Name:   Figueroa v. County of Los Angeles et.al

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| TRIAL   [ ] Court   [✓] Jury | | 8:30 a.m. |
| Duration Estimate:   Seven (7) Days | (Tuesday) | |
| FINAL PRETRIAL CONFERENCE ("FPTC") | | 2:00 p.m. |
| 4 wks before trial   π 9/24/12    Λ 1/28/13 | (Tuesday) | |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | π 5/24/12   Λ 7/2/12 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | 6/18/12   10/2/12 |
| Motion Cut-Off   (filing deadline) | at least 13 wks before FPTC | 6/25/12   10/29/12 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | 7/23/12   11/26/12 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | 8/20/12   12/24/12 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | 9/3/12   1/7/13 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | 8/27/12   12/28/13 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | 9/3/12   1/7/13 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | 9/10/12   1/14/13 |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) | at least 90 days after complaint served (unless longer time justified) | 6/15/12   7/2/13 |

**EXHIBIT A**