SAMUEL O. OGBOGU, ESQ. (SB# 156427)
SAMUEL OGBOGU, INC.
A Professional Law Corporation
315 W. 9th Street, Suite 603
Los Angeles, Ca 90015
Tel:    (213) 624-1500
Fax:    (213) 624-9476

-In Association With-

ROBERT SCOTT SHTOFMAN, (SB # 135577)
LAW OFFICES OF ROBERT SCOTT SHTOFMAN
18034 Ventura Boulevard #296
Encino, California 91316
Tel:    (818) 609-0090
Fax:    (818) 609-0090

Attorneys for Plaintiff,
Leocadio Figueroa

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOCADIO FIGUEROA,<br><br>Plaintiff,<br><br>Vs.<br><br>COUNTY OF LOS ANGELES; LEE BACA, DEPUTY ELIZARION PEREZ III, DEPUTY JOHN ARONSON, DEPUTY NOEL WOMACK, DEPUTY JESSE IRVIN, SERGEANT ERIC GONZALEZ and DOES 1 through 10, inclusive.<br><br>Defendants, | Case No.: CV11-06228 DMG (FFMx)<br><br>**PLAINTIFF LEOCADIO FIGUEROA'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 PRECLUDING PLAINTIFF'S BIOMECHANICAL EXPERT JESSE WOBROCK, Ph.D. FROM TESTIFYING AT TRIAL BASED ON LACK OF COMPLIANCE WITH FEDERAL RULES OF CIVIL PROCEDURE RULES 26(A) AND 37(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Trial Date: 12/11/2012<br>Time:        8:30 a.m.<br>Courtroom: 7<br><br>Final Pretrial conference: 11/13/2012<br>Time:                    2:00 p.m.<br>Courtroom:            7 |

---

**PLAINTIFF LEOCADIO FIGUEROA'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. FIVE TO EXCLUDE OPINIONS OF JESSE WOBROCK** - 1

**TO THE DISTRICT JUDGE, HONORABLE DOLLY M. GEE AND TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

COMES NOW Plaintiff, LEOCADIO FIGUEROA, who submits the following Opposition to Defendants' motion in Limine No. Five to preclude plaintiff's Biomechanist, Jesse Wobrock, Ph.D.

This Opposition is made and based on the grounds that good cause does not exist to grant Defendants' motion because:

1.      Defendants failed to comply with Local Rule 7-3 which required a thorough discussion of any potential motion and any potential resolution. The only attempt at compliance was defendants' letter that they intend to file a motion in limine "to exclude biomechanical expert Jesse Wobrock, PhD." No basis for the motion or any explanation as to why they wish to exclude him was given.

2.      The opinion of Jesse Wobrock was adequately supported. There is no dispute by all parties herein that the use of force by the deputies caused the fracture of the plaintiff's left upper arm. The central issue in dispute is when the fracture occurred. The defense contends that the fracture occurred when plaintiff was "taken down" by the officers. To the contrary, it was plaintiff's contention that the fracture occurred when plaintiff's hand was twisted after he was already handcuffed.

3.     The defendants have not suffered any prejudice because of any perceived defect in the declaration of Jesse Wobrock, Ph.D. The Deposition of Jesse Wobrock, Ph.D. was taken on October 18, 2012.[1] In the course of his deposition, he provided testimony regarding his opinions, the basis of the opinion and the materials and literatures relied in coming to his opinion.

4.     The methodology utilized by Jesse Wobrock is no different from the methodology utilized by the defense expert, Jai Singh.

This Opposition is based on this Notice, the Memorandum of Points and Authorities herein, upon the Declarations of attorney Samuel O. Ogbogu and the exhibits attached thereto, upon the court file and all pleadings, orders and documents therein, and upon such other and further documentary and testimonial evidence as the Court may receive at the hearing, if any, on this motion.

DATED: October 30, 2012                    By: _____
                                               Robert Scott Shtofman, Esq.
                                               Samuel O. Ogbogu, Esq.
                                               Attorneys for Plaintiff,
                                               LEOCADIO FIGUEROA

---

[1] The deposition transcript has not been transcribed as at the time of this opposition.

**PLAINTIFF LEOCADIO FIGUEROA'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. FIVE TO EXCLUDE OPINIONS OF JESSE WOBROCK** - 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

This is a police misconduct case brought pursuant to 42 U.S.C. § 1983. Plaintiff alleged that he was unlawfully seized by sheriff deputies at the visitors' area of the Mens Central Jail; they beat him and fractured his humerus bone. He further alleged that he was detained in the County facility for five days without any formal charge brought against him. The incident occurred at the County facility while he was a visitor attempting to ascertain the whereabouts of his brother.

## II.   Procedural Posture

Without complying with L.R. 7-3, defense counsel has brought the within motion styled *in limine* to exclude Plaintiff's biomechanics expert, Jesse Wobrock, Ph.D., from testifying.  Ironically, unless it is peculiar to the field of biomechanics, it may be shown that both Plaintiff's and Defendant's biomechanics expert's reports show a similar methodology (or as defendants contend, a lack thereof) for the opinions expressed.   Attached as Exhibit C is the Rule 26 report of defense biomechanic, Jai Singh, M.A.   In response to defendant's procedurally infirm motion, Plaintiff invokes the *maxim* that what is good for the goose is good for the gander.   Tellingly, what is not mentioned in defendants' motion is that Dr. Wobrock was extensively deposed regarding his opinions, the supporting authority and the methodology.

# ARGUMENT

## 1.   DEFENDANTS' FAILURE TO COMPLY WITH L.R. 7-3 IS FATAL TO THEIR MOTION

As shown by the Declaration of Samuel Ogbogu, Plaintiff's co-counsel herein, filed and served herewith, defense counsel sent a letter threatening to exclude Dr. Wobruck. Notably, he did not provide any reason for such an action. Nor was there any further discussion, much less a meeting contemplated by the Rule so that conferring could take place. Instead, defendants filed their motion thereafter without complying with L.R. 7-3 or presenting a declaration of non-cooperation. L.R. in pertinent part states:

> **L.R. 7-3 Conference of Counsel Prior to Filing of Motions.** <u>In all cases</u> not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) ..., counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.

Since defense counsel's perfunctory letter[1] did not state any basis or reason *why* a motion to exclude/preclude Plaintiff's expert biomechanic was contemplated, the motion that followed was in violation of L.R. 7-3. In further derogation of the rule, defense counsel omits the necessary statement that the motion was preceded by a meeting of counsel which took place on a given date. As also stated in L.R. 7-3:

> If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
>
>> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

Since defense counsel dispensed with attempted compliance, there was no pre-motion filing meeting, nor any discussion that would have amplified the reasons for the motion. It is truly ironic that defendants seek to invoke the technical requirements of Rule 26 when they have leapfrogged the process by which an informal resolution might be achieved. This was the reason for L.R. 7-3. Defendants' motion should be rejected for non-compliance. The motion does not even comply on its face and is therefor infirm. The motion should be rejected on this basis alone.

---

[1] Exhibit A attached hereto.

## 2. DEFENDANT'S MOTION IS AN UNTIMELY AND/OR MISLEADING MOTION FOR CLAIMED DISCOVERY NON-COMPLIANCE

The instant motion is styled as arising under Rule 37(C)(1) as a discovery motion. Accordingly, it too requires a proper "meet and confer" letter setting forth the relief sought, the basis therefore and a meeting thereafter or a declaration of non-compliance by moving party's counsel as to the addressee. This defendants did not do. See discussion, *supra*, at note 1. This invalidates the motion.

## 3. DEFENDANTS DEPOSED DR. WOBROCK FOR OVER TWO HOURS, BUT FAIL TO MENTION THIS IN THE MOTION

Although the motion invokes FRE 403 and general propositions of law, defendants fail to show, by declaration or otherwise, *how* they are prejudiced by the claimed non-compliance with Rule 26 by Dr. Wobrock. Defendants fail to reveal that Dr. Wobrock was subjected to deposition on October 18, 2012 for approximately 2 ½ hours! Although the transcript has not yet been prepared – as it would seem to be moving party's burden – defendants were unhindered in asking their questions and appear to mislead the court by omitting that salient fact.

Dr. Wobrock lists the materials consulted and his 3 opinions:

"1. The injury sustained is consistent with a force consistent with bending and twisting (torsion.)

2.  The fracture was not caused by Mr. Figueroa falling on his arm when taken down to the ground.

3.  The injury is consistent with being handcuffed and having additional force being applied to the left shoulder and the left arm, when forcing the left arm in an upward rotating motion.  This occurred even though both of his hands where [sic] handcuffed together, when his left arm was forced in an upward rotating motion."  Rule 26 Report attached to the moving papers.

Unstated in the moving papers is that there is a *spiral* fracture of Plaintiff's humerus (upper arm).   Defendants' preposterous contention is that Plaintiff obtained this twisting fracture from impacting the ground while the defendants were taking him down.  In a supplemental report to be filed hereafter Dr. Wobrock sets forth the forces obtained in testing the fractured area for axial loading and other technical forces, presumably to buttress his prior opinons.

As singer Bob Dylan once sang: "You don't need a weatherman to know which way the wind blows."  It would seem almost self-evident that twisting forces were involved in causing a spiral fracture of the upper arm.  While Dr. Wobrock's report[2] could be augmented, the simple opinion is that a twisting force caused a twisting (spiral) fracture.   Understandably, defendants prefer not to have Dr. Wobrock so opine.  Prior to the hearing in this matter, Dr. Wobrock can "show his

---

[2]Exhibit B attached hereto.

work" so to speak, though the subject almost is self-evident (at least until defendants' expert's Rule 26 report arrived.)   A supplemental report will be prepared "to connect the dots."

Defendants' expert, a failed Ph.D. candidate, Jay Singh, M.A., wrote a more lengthy report[3] regurgitating deposition testimony and the contents of medical records, but similarly concludes – without citation to relevant authority – that a fall at or about the upper arm area could result in the injury seen (which he declines to identify as a spiral fracture.)   Defendants appear to tolerate the same "methodology" when it suits them.

The methodology, if any is to be discerned, is to compare the injury to medical texts or biomechanic studies of the force used to break bones in particular patterns.

In summary, a spiral fracture arises from a twisting force, not simply falling down.   It is difficult to see what else should be cited for so elementary a proposition. Defendants' motion should be denied in its entirety.

### CONCLUSION

Defendants seek to eliminate Plaintiff's biomechanic for an alleged violation they tolerate in their own lesser qualified proffered expert biomechanic. The motivation is transparently obvious. No prejudice is shown and defendants fail to

---

[3]Exhibit C attached hereto.

1   mention the lengthy deposition they took of Dr. Wobrock.  Further, defendants

2   unfairly avoided compliance with L.R. 7-3 and/or 37-1 in bringing their motion

3   without first properly vetting it with Plaintiff's counsel.  For any and all the

4   foregoing reasons, the motion should be denied.

5

6

7   Dated: October 30, 2012                    By: _____

8                                                   Robert Scott Shtofman, Esq.
                                                    Samuel O. Ogbogu, Esq.
9                                                   Attorneys for Plaintiff,
                                                    LEOCADIO FIGUEROA
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## <u>DECLARATION OF SAMUEL O. OGBOGU</u>

I, Samuel O. Ogbogu, declare:

1.     I am an attorney at law in good standing and duly licensed to practice law before all courts of the State of California.  I am the substituted counsel for the plaintiff Leocadio Figueroa.  I am familiar with the file in this matter and if called upon to testify in this matter I could and would competently testify of my own personal knowledge to the following facts.

2.     The lawsuit was filed on July 28, 2011 and the First Amended Complaint was filed on November 10, 2011.

3.     On September 11, 2012, the parties exchanged the initial expert reports. The plaintiff submitted the report of retained police procedure expert and a biomechanics expert while the defense submitted reports of retained police procedure expert and orthopedic surgeon.

4.     On October 9, 2012, the defense provided a Rebuttal expert report by Jai Singh, a biomechanical expert to rebut the opinion of plaintiff's biomechanical expert, Jesse Wobrock, Ph.D. The deposition of Jesse Wobrock was taken on October 18, 2012.

5.     In the course of the deposition, he was asked, and he responded by providing wide ranging opinion on the materials he reviewed, the treatises he relied on, the medical literature, x-ray and records he relied on, the factual basis  and the

---

**PLAINTIFF LEOCADIO FIGUEROA'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. FIVE TO EXCLUDE OPINIONS OF JESSE WOBROCK** – 11

reason for his opinions. The deposition lasted for 2 ½ hours. The deposition transcript has not been received at the time of this opposition and will be lodged upon receipt.

6.      Prior to filing any of the motions in Limine, the defendants did not discuss the basis of their proposed motions in limine short of the letter from the defense counsel dated October 15, 2012 which states in pertinent part:

> "Defendants motion in Limine No. Five: to exclude biomechanical
>
> expert Jesse Wobrock, PhD."

No explanation or basis was given for this motion. No further meet and confer was done by the defense regarding the substance of this motion. Attached as Exhibit "A" to this motion is a copy of the letter dated October 15, 2012. Attached as Exhibit "B" is the expert report of Dr. Wobrock. Attached as Exhit "C" is the report of Jai Singh, defense biomechanist expert.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct this 30th day of October 2012 at Los Angeles, California.



_____
                Samuel O. Ogbogu
                Declarant

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is: 18034 Ventura Boulevard, #296, Encino, California 91316

On October 30, 2012 I served the foregoing document described as **PLAINTIFF LEOCADIO FIGUEROA'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 PRECLUDING PLAINTIFF'S BIOMECHANICAL EXPERT JESSE WOBROCK, Ph.D. FROM TESTIFYING AT TRIAL BASED ON LACK OF COMPLIANCE WITH FEDERAL RULES OF CIVIL PROCEDURE RULES 26(A) AND 37(C)(1)** in this action by placing the original copy thereof enclosed in sealed envelopes addressed as follows:

By E-File In compliance with the general order
Harold G. Beck, Esq.
Nancy A. Tu, Esq.
Harold G. Becks & Association
3255 Wilshire Blvd., Suite 1734
Los Angeles, CA 90010

_____   I am "readily familiar" with firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed in valid if postal cancellation date or postage meter date is more that a day after date of deposit for mailing in affidavit.

I am a resident or employed in the County where the mailing occurred. The envelope or package was placed in the mail at Encino, California.

I declare that I am employed in the offices of a member of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above and true and correct.

Executed on October 30, 2012 in Los Angeles, California.

Samuel Ogbogu
PRINT NAME                              SIGNATURE

---

**PLAINTIFF LEOCADIO FIGUEROA'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. FIVE TO EXCLUDE OPINIONS OF JESSE WOBROCK** - 13