O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOCADIO FIGUEROA,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>    Defendants. | Case No. CV 11-6228-DMG (FFMx)<br><br>**ORDER RE ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SGT. ERIC GONZALEZ** |

   On June 10, 2013, upon the return of the jury's verdict on the second phase of trial, the Court granted Plaintiff Leocadio Figueroa's oral motion for entry of the default of Defendant Sgt. Eric Gonzalez.[1]  Because Defendants objected to Plaintiff's oral motion for default judgment and requested the opportunity to brief the issue of whether a written, noticed motion for default judgment is required, the Court deferred entry of default judgment pending the briefing by counsel. [Doc. # 186.]  Pursuant to the Court's June 10, 2013 order, the Clerk entered the default of Defendant Gonzalez. [Doc. # 189.]  On June 17, 2013, Defendants filed a response to Plaintiff's oral motion ("Defendants'

---

[1] On June 19, 2013, the Court issued an order striking the answer of Defendant Gonzalez, *nunc pro tunc* to June 10, 2013. [Doc. # 201.]

Response"). [Doc. # 198.] On June 24, 2013, Plaintiff filed a response and opposition. [Doc. # 202.] Thereafter, on June 24, 2013, Defendants filed the declaration of attorney Douglas L. Day in reply to Plaintiff's opposition.[2] [Doc. # 203.]

As a preliminary matter, the Court notes that the scope of Defendants' briefing extends beyond that intended and ordered by the Court. In Defendants' Response, they argue that "entry of default judgment is procedurally *and substantively* unwarranted" and provide their reasons in support of that proposition. (Defendants' Response, at 1 (emphasis added).) Because Defendants have taken the opportunity to address in writing both the procedural and substantive issues attendant to the motion for default judgment, the procedural issue of whether a written motion should be required has been essentially rendered moot. Requiring the parties to engage in formal motion practice wherein they will repeat the same arguments would simply elevate form over substance. Having considered the parties' briefing, and the record herein, the Court finds that the striking of Defendant Gonzalez's answer, the entry of his default, and the granting of default judgment against him are warranted for the reasons set forth below.

# I.
# BACKGROUND

Pursuant to the Final Pretrial Conference Order of November 29, 2012, the trial on Plaintiff's claims under 42 U.S.C. § 1983 was bifurcated, with the excessive force and lack of probable cause claims against Defendants Elizario Perez, Jesse Irvin, Noel Womack and John Aronson tried in the first phase, and the supervisory liability claim against Defendant Eric Gonzalez and the *Monell*[3] claims against Defendant County of

---

[2] On June 25, 2013, Plaintiff filed a motion to strike Mr. Day's declaration, arguing that Defendants had not sought leave of court for its filing and that the declaration addresses issues beyond the scope of the briefing allowed by the Court. [Doc. # 204.] Because the filing of Mr. Day's declaration does not affect the outcome of this Court's ruling, the motion to strike is DENIED as moot.

[3] *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

1  Los Angeles tried in the second phase. [Doc. # 101.] On May 28, 2013, this matter came
2  before the Court to commence the first phase. Both before trial and at the time trial
3  began, the Court made it clear to counsel in no uncertain terms that the second phase of
4  trial would commence *immediately* after the return of a jury verdict on the first phase.

5  On June 4, 2013, the sixth day of trial, the jury began deliberations on the first
6  phase. [Doc. # 174.] On the following day, June 5, 2013, the jury returned a verdict
7  finding (1) in favor of Defendants Perez, Irvin, Womack and Aronson and against
8  Plaintiff on the lack of probable cause claim, (2) in favor of Defendants Irvin, Womack
9  and Aronson and against Plaintiff on the excessive force claim, and (3) in favor of
10 Plaintiff against Defendant Perez on the excessive force claim but also finding in favor of
11 Defendant Perez on his affirmative defense of qualified immunity. [Doc. # 182.]
12 Thereupon, the Court advised counsel that the second phase would commence the
13 following day. The Joint List of Witnesses – Phase Two, filed January 25, 2013
14 ("Witness List"), identified the witnesses for the second phase of trial and included
15 Defendant Sgt. Eric Gonzalez. [Doc. # 122.] The Witness List indicates Plaintiff's
16 objection to the testimony of certain witnesses. On January 25, 2013, Defendants filed
17 their objections to certain witnesses on the Witness List. [Doc. # 126.] Defendants did
18 not object, however, to Defendant Gonzalez being listed as a witness—he was, after all, a
19 party.

20 On June 5, 2013, while counsel and the Court discussed the attendance of
21 witnesses for the second phase, Plaintiff's counsel explained that although he had
22 subpoenas issued for the attendance of witnesses for an earlier trial date that was
23 continued, he did not have subpoenas issued for trial witnesses for this trial because an
24 on-call agreement as to Los Angeles County Sheriff's Department personnel had been
25 reached with defense counsel. When Defendants' counsel denied that the on-call
26 agreement extended to management personnel, the Court directed Plaintiff's counsel to
27 produce a copy of the e-mail exchange evidencing the on-call agreement. Relying on
28 counsel's representation that such an agreement existed, the Court ordered defense

counsel to produce Sheriff's Department personnel listed on the Witness List for the second phase of trial. At that time, defense counsel suddenly advised the Court that Defendant Gonzalez had left the country on Friday, May 31, 2013 to go to Mexico to get engaged or married and that although he had been present in court for some part of the first phase of trial, he may not be able to appear for the second phase.[4] As the unilateral decision of a party defendant to absent himself from the trial was unacceptable, the Court directed defense counsel to secure Defendant Gonzalez's attendance at trial right away.

On June 6, 2013, when Defendant Gonzalez failed to appear, defense counsel explained that Gonzalez had told him that he had planned on this trip for a long time. As the trial also had been scheduled and planned for a long time, the Court expressed its dismay that defense counsel would permit *a party* to a lawsuit to simply fail to appear without any advance notice, especially given the Court's repeated warnings that the second phase of the trial would commence immediately after the conclusion of the first phase. The Court warned defense counsel that if Defendant Gonzalez did not appear during the second phase of trial, his default would be entered. On June 6, 2013, counsel engaged in a settlement conference before Magistrate Judge Patrick J. Walsh. The parties did not reach a settlement and the second phase of trial resumed the following day.

On June 7, 2013, Defendant Gonzalez again did not appear. The second phase commenced with opening statements and testimony of witnesses. Plaintiff's counsel provided the Court with a copy of the e-mail exchange evidencing the on-call agreement of counsel with respect to producing Sheriff's Department witnesses for trial.[5] Based on that e-mail exchange, the Court found that there was in place an on-call agreement between the parties under which defense counsel had agreed to produce personnel of the

---

[4] Prior to this time, defense counsel had not informed the Court or Plaintiff's counsel of any problem with securing the attendance of Defendant Gonzalez for trial, nor had defense counsel requested leave of court to permit the testimony of Defendant Gonzalez to be taken out of turn to accommodate his travel plans.

[5] Thereafter, Plaintiff's counsel filed a copy of this e-mail exchange. [Doc. # 168.]

-4-

1  Sheriff's Department as witnesses for the trial.[6] When questioned by the Court as to
2  whether Defendant Gonzalez would be appearing for the trial, defense counsel
3  responded, "I'm hopeful. I have not heard from him. We have called him multiple
4  times."

5  On Monday, June 10, 2013, the second phase resumed for the final day of trial.
6  Before calling the first witness for the day, and outside the presence of the jury, the Court
7  inquired as to whether Defendant Gonzalez would be appearing. Defense counsel
8  advised the Court that they did not believe so and that counsel had sent messages to
9  Gonzalez urging him in the "strongest language possible to be here," and that they
10 "believe[d] he ultimately turned his phone off because he was receiving the message."
11 The Court having given Defendant Gonzalez until 9:00 a.m. on June 10th to appear,
12 counsel for Plaintiff, at approximately 9:05 a.m., orally moved for entry of default
13 judgment against Defendant Gonzalez. After some discussion, the Court ordered the
14 entry of Defendant Gonzalez' default, deferring the motion for default judgment until the
15 conclusion of the trial. Thereafter, trial resumed with the testimony of witnesses, closing
16 argument, jury instructions and deliberations, and a return of a defense verdict on the
17 *Monell* claim from the jury. After the conclusion of the trial, the Court and counsel
18 discussed Plaintiff's oral motion for default judgment on the supervisory liability claim
19 against Defendant Gonzalez. Defense counsel contended that a written formally noticed
20 motion is required. Upon defense counsel's request for the opportunity to file a brief
21 addressing whether a written motion for default judgment is required, the Court set a
22 briefing schedule and deferred ruling on the motion.
23 //
24 //

---

[6] In any event, counsel for both sides were, or should have been, aware of their mutual obligation to coordinate the scheduling of witnesses at trial to avoid undue delay in the calling of witnesses to the stand. *See* Scheduling and Case Management Order for Jury Trial at 13, filed February 21, 2012. [Doc. # 25.]

## II.

## DISCUSSION

This Court's authority to impose sanctions under its inherent powers is broad, but not limitless. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1131 (9th Cir. 2008). "The inherent powers of federal courts are those that 'are necessary to the exercise of all others.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) (quoting *United States v. Hudson*, 7 Cranch 32 (1812)). Before awarding sanctions under its inherent powers, the Court must first make a finding of bad faith. *Id.* at 767. "A finding of bad faith may be appropriate when, among other things, a party engages in behavior that has the effect of 'delaying or disrupting the litigation. . . .'" *Mendez*, 540 F.3d at 1131-32 (quotation marks and citation omitted).

According to defense counsel, Defendant Gonzalez was present for some portion of the first phase of trial. Therefore, he was aware of the fact that the trial had commenced. He also knew that Plaintiff's claim against him for supervisory liability would be tried in the second phase, which was to follow immediately after the first phase and that because he was a party and listed as a witness on the Witness List, he was required to be present to testify in the second phase. Notwithstanding this knowledge, Defendant Gonzalez left the country shortly before the second phase was to begin without notifying the Court or Plaintiff's counsel. Nevertheless, on June 6th and again on June 7th, the Court extended the time by which Defendant Gonzalez was required to be present to testify. During that time, counsel repeatedly called Defendant Gonzalez attempting to secure his appearance for trial by June 10th. His counsel, however, expressed their belief that Defendant Gonzalez had intentionally turned off his cell phone because he had received counsel's messages urging him to return and purposely failed to respond to them. As such, Defendant Gonzalez knowingly and willfully absented himself from trial, which this Court finds to have been in bad faith. Moreover, although Defendant Gonzalez had allegedly planned this trip for a long time, the fact that neither he nor his counsel sought a continuance, or advised the Court or opposing counsel that he

would be departing or requested that his testimony be taken out of order to accommodate his travel plans further supports the finding of bad faith.

Given that the evidence thus far adduced at trial indicated that Defendant Gonzalez had failed to provide any supervision to Defendant Perez regarding the proper procedure for handling visitor complaints at the Los Angeles County Men's Central Jail or Perez's handling of Plaintiff's complaints on the date of the incident that gave rise to the Section 1983 action, Defendant Gonzalez's testimony was critical to Plaintiff's proof of his claim for supervisory liability against Gonzalez. No one else would be more knowledgeable as to what Defendant Gonzalez did or did not do as the supervisor of Defendant Perez. Because Defendant Gonzalez knowingly and willfully failed to be present to testify during the second phase of the trial, thereby prejudicing Plaintiff's claim against him, the Court found that sanctions were warranted. Defendant Gonzalez's inexcusable conduct effectively prevented Plaintiff from proving his claim against this defendant and, for that reason, the Court concluded that the appropriate sanction would be the striking of Gonzalez's answer and the entry of his default. Without such a sanction, Defendant Gonzalez would be allowed to control his liability by choosing to violate his obligation to be present at trial. Defendant Gonzalez's conduct unfairly prejudiced Plaintiff's attempt to prove his claim. The Court, therefore, concludes that allowing Plaintiff to move for default judgment against Defendant Gonzalez is appropriate.

Considering the relevant *Eitel*[7] factors, the Court finds as follows:

1. Failure to enter a default judgment would prejudice Plaintiff by effectively denying him the right to judicial resolution of his claim for supervisory liability against Defendant Sgt. Gonzalez without any other recourse for recovery.

2. Plaintiff's claim against Defendant Sgt. Gonzalez under 42 U.S.C. § 1983, as set forth in the Final Pretrial Conference Order, sufficiently states a claim for supervisory liability based on the contentions that (1) Defendant Gonzalez acted

---

[7] *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

under color of law, (2) Defendant Gonzalez's subordinate (Deputy Perez) deprived Plaintiff of his Fourth Amendment rights, (3) Defendant Gonzalez (a) directed his subordinate (Deputy Perez) in the acts that deprived Plaintiff of his rights, or (b) set in motion a series of acts by his subordinate (Deputy Perez) that he knew or reasonably should have known would cause the subordinate to deprive Plaintiff of his rights, or (c) knew or reasonably should have known that his subordinate was engaging in conduct that would deprive Plaintiff of his rights; and (4) Defendant Gonzalez failed to act to prevent his subordinate from engaging in such conduct. Moreover, the jury has already found (1) that the subordinate, i.e., Deputy Perez, had indeed deprived Plaintiff of his rights by the use of excessive force, and (2) Plaintiff incurred damages as a result of Deputy Perez's use of excessive force in the amount of $320,000.

3. The Court having found that Defendant Gonzalez knowingly and willfully absented himself from the trial in bad faith, the default was not due to excusable neglect.

4. Although there is a strong policy in favor of deciding cases on their merits, Defendant Gonzalez's conduct has prevented Plaintiff from being able to prove his claim at trial and thereby severely prejudiced Plaintiff.

## III.
## CONCLUSION

Based on the foregoing, the Court finds that judgment by default against Defendant Sgt. Eric Gonzalez is warranted on Plaintiff's claim for supervisory liability under 42 U.S.C. § 1983 for the damages Plaintiff suffered as found by the jury during the first phase of trial.

IT IS SO ORDERED.

DATED: July 22, 2013

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE