UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOCAUDIO FIGUEROA, | No. CV 11-6228 DMG (FFM) |
| Plaintiff, | PROTECTIVE ORDER PURSUANT TO STIPULATION |
| v. | |
| COUNTY OF LOS ANGELES, et al., | |
| Defendants. | |

Pursuant to the stipulation of the parties, and good cause having been shown therefor, the Court enters the following protective order which shall govern the witness statements in the underlying criminal prosecution in CR 13-574 produced in this action:

1. Any documents, including recordings or writings, sought by Plaintiffs' counsel pertaining to witness statements in the underlying criminal prosecution in CR 13-0574, *U.S. v. Eric Gonzales, Noel Womack, et al.* are to be designated as "confidential material."

2. Confidential material shall be used solely in connection with the preparation and trial of the within case, Number 11-06228 DMG (FFMx) or any related appellate proceeding, and not for any other purpose, including any other litigation.

///

3. Confidential material may not be disclosed except as provided in paragraph 4.

4. Confidential material may be disclosed only to the following persons:

(a) Counsel for any party to this litigation.

(b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a).

(c) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation of the trial to this action.

(d) Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party.

Paragraph 4 is expressly intended to insure that confidential records that come into the hands of individuals pursuant to the Court's ruling maintain their confidentiality and may not be disseminated or made part of the public record, except as may be admissible for trial.

5. Each person to whom disclosure of confidential employment or personnel records is to be made, shall, prior to the time of disclosure, be provided by the person furnishing him/her such material a copy of this order, and shall agree on the record, if any, or in writing that s/he has read the protective order and that s/he understands its provisions. Such person must also consent to be subject to the jurisdiction of the United States District Court with respect to any proceeding relating to the enforcement of this order, including without limitation, any proceeding for contempt. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

6. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, pursuant to Local Rule 79-5.1, said information and/or documents shall be lodged under seal in an envelope clearly marked as follows: "Confidential Material Subject To A Protective Order."

///

7.     At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential materials received under the provisions of this order (including any copies made and/or any computer materials made or stored) shall be tendered back to Plaintiff's counsel.  Provisions of this order insofar as they restrict the disclosure and use of this material shall be in effect until further order of this Court.

8.     The foregoing is without prejudice to the right of any party:

(a) To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation;

(b) To apply to the Court for an order removing the confidential material designation from any documents; and

(c) To apply to the Court for an order compelling production of documents.

IT IS SO ORDERED.

DATED: June 16, 2017

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

3